IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MIGUEL A. ADAMS, )
)
    Petitioner, )
)
v. ) Case No. CIV-10-07-F
)
WALTER DINWIDDIE (WARDEN), )
)
    Respondent. )

**REPORT AND RECOMMENDATION**
**ON THE ISSUE OF TIMELINESS**

Mr. Miguel Adams seeks habeas relief in connection with state court convictions, and the Respondent moves for summary judgment on grounds of timeliness.[1] The Court should grant the summary judgment motion.

Background

Following convictions in state district court, Mr. Adams requested leave to withdraw his pleas of guilty or *nolo contendere*. The state district court denied the requests on

---

[1] The Respondent filed a motion to dismiss, but relied on evidence outside of the habeas petition. Accordingly, the Court converted the motion to one for dismissal or summary judgment. Order at p. 1 (Feb. 26, 2010); *see Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (discussing conversion of a motion to dismiss in a habeas proceeding).

November 30, 2007.² The Petitioner had ten days to file a notice of appeal,³ but he did not file this document within the deadline.⁴

Instead, Mr. Adams sought leave to appeal out of time through the filing of an application for post-conviction relief on November 7, 2008. *See* Order Denying First Application for Post-Conviction Relief at p. 3. The parties agree that the state district court denied relief on March 27, 2009, and the Oklahoma Court of Criminal Appeals ("OCCA") dismissed the appeal as untimely.⁵

Mr. Adams unsuccessfully filed a second application for post-conviction relief on June 11, 2009.⁶

Mr. Adams filed the habeas petition no earlier than December 29, 2009.⁷

---

²   *See* Order Denying Application for Post-Conviction Relief at pp. 2-3, *Adams v. State*, Case Nos. CF-2006-3216, CF-2006-7342, CF-2006-7553, CF-2007-665, CF-2007-2709 (Okla. Co. Dist. Ct. Mar. 27, 2009) ("Order Denying First Application for Post-Conviction Relief").

³   *See* Rule 4.2(D), Rules of the Oklahoma Court of Criminal Appeals.

⁴   *See* Order Denying First Application for Post-Conviction Relief at p. 3.

⁵   *See* Order Dismissing Appeal of Denial of Post-Conviction Relief, *passim*, *Adams v. State*, Case No. PC 2009-0387 (Okla. Crim. App. June 4, 2009); *see also infra* note 11.

⁶   *See* Order Denying Application for Post-Conviction Relief at pp. 2, 5, *Adams v. State*, Case Nos. CF-2006-3216, CF-2006-7342, CF-2006-7553, CF-2007-665, CF-2007-2709 (Okla. Co. Dist. Ct. Aug. 12, 2009); Order Affirming Denial of Subsequent Application for Post-Conviction Relief, *passim*, *Adams v. State*, Case No. PC 2006-760 (Okla. Crim. App. Nov. 24, 2009).

⁷   The petition is deemed "filed" when Mr. Adams had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Court may assume *arguendo* that the Petitioner had given the document to prison authorities on the day that he signed it. *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely." (footnote omitted)). That date was December 29, 2009. *See* Petition Under 28

Standard for Summary Judgment

Federal statutory law does not address the standard for summary judgment in habeas proceedings. Thus, the Federal Rules of Civil Procedure govern the Respondent's motion. *See* Fed. R. Civ. P. 81(a)(4).

The applicable rule is Fed. R. Civ. P. 56(c). Under this rule, summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Ordinarily, "[t]he state bears the burden of proving that the [Antiterrorism and Effective Death Penalty Act of 1996] limitations period has expired." *Fleming v. Evans*, 481 F.3d 1249, 1257 (10th Cir. 2007) (citation omitted). But when the evidence would otherwise indicate expiration of the limitations period, the Petitioner incurs a burden to establish a genuine issue of material fact on tolling.[8]

---

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 19 (file-stamped Jan. 4, 2010) ("Petition").

[8] *See Olson v. Federal Mine Safety & Health Review Commission*, 381 F.3d 1007, 1014 (10th Cir. 2004) ("As with any party claiming the benefit of equitable tolling of a limitations period, Complainant bore the burden of proving justifiable circumstances." (citations omitted)); *accord Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1269 (10th Cir. 1996) (holding that the claimant bore the burden to avoid summary judgment by establishing a genuine issue of material fact regarding tolling).

3

Timeliness of the Present Action

Under any reasonable view of the evidence, the habeas claim would appear untimely.

I.    The Limitations Period

In federal habeas actions, the statute of limitations provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A).

II.   Mr. Adams' Failure to Timely File the Habeas Petition

As noted above, the state district court denied the Petitioner's request for leave to withdraw the pleas on November 30, 2007. *See supra* pp. 1-2. Mr. Adams had ten days to file a notice of intent to appeal, but he did not comply with this deadline. *See supra* p. 2. Thus, the Petitioner's convictions became final on December 10, 2007, which was ten days after the state district court's ruling,[9] and the limitations period would have expired one year later in the absence of tolling.[10]

Mr. Adams is entitled to statutory tolling, but not equitable tolling.

---

[9]    *See Bouziden v. Jones*, 194 Fed. Appx. 506, 508 n.2 (10th Cir. Sept. 5, 2006) (unpublished op.) (holding that the limitations period was tolled for ten days following denial of an Oklahoma prisoner's motion for leave to withdraw a plea in the absence of a timely notice of appeal).

[10]   *See* 28 U.S.C. § 2244(d)(1)(A); *see also supra* p. 4.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2).

Mr. Adams filed the first application for post-conviction relief on November 7, 2008. *See supra* p. 2. At that time, 333 days had already elapsed. The parties agree that the state district court denied relief on March 27, 2009. *See supra* p. 2. Although the post-conviction appeal was dismissed as untimely,[11] the limitations period was tolled for the 30 days in which Mr. Adams could have perfected an appeal.[12] The 30-day period ended on April 27, 2009.[13]

Because 333 days had expired by the time Mr. Adams sought post-conviction relief, he only had 32 days remaining after the end of statutory tolling on April 27, 2009. *See supra* p. 4 (stating that the limitations period was one year). Thus, the limitations period expired by May 29, 2009.

The Petitioner filed a second application for post-conviction relief on June 11, 2009. *See supra* p. 2. But by this time, the limitations period would already have expired in the

---

[11] Mr. Adams filed the appeal five days late, and the appeal remained pending until June 4, 2009. *See supra* p. 2 & note 5.

[12] *See* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (giving a petitioner 30 days in which to appeal the denial of an application for post-conviction relief); *see also Gibson v. Klinger*, 232 F.3d 799, 803-804 (10th Cir. 2000) (stating that the petitioner is entitled to statutory tolling for the 30 days in which he could appeal the denial of post-conviction relief).

[13] The 30th day fell on April 26, 2009. But that day was a Sunday. Thus, the deadline was automatically extended one day. *See* Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals.

absence of equitable tolling. *See supra* p. 5. Accordingly, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) by the filing of the second post-conviction application.[14]

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Mr. Adams has not alleged equitable tolling or identified any facts that would trigger this doctrine. *See supra* p. 3.[15]

Because equitable tolling is unavailable, the limitations period expired by May 29, 2009. *See supra* p. 5. The habeas petition, filed no earlier than December 29, 2009,[16] was at least seven months late. Consequently, the Court should grant the Respondent's summary judgment motion.

## Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 3, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2);

---

[14]   *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

[15]   In the habeas petition, Mr. Adams asserts that he had asked his attorney to appeal the denial of the motion to withdraw the pleas. Petition at pp. 5, 8. But Mr. Adams has not provided any evidence regarding egregious misconduct on the part of his attorney. *See Fleming .v Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) ("We agree with those circuits holding that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period."). Thus, Mr. Adams has failed to satisfy his summary judgment burden on equitable tolling. *See Bradford v. Horton*, 350 Fed. Appx. 307, 309-10 (10th Cir. Oct. 27, 2009) (unpublished op.) (rejecting an argument for equitable tolling based on engagement of an attorney to file a habeas petition roughly four months before the limitations period was to expire).

[16]   *See supra* p. 2 & note 7.

28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[17]

## Status of the Referral

The present report serves to discharge the existing referral.

Entered this 16th day of April, 2010.

Robert E. Bacharach
United States Magistrate Judge

---

[17] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").